**TO–AM EQUIPMENT COMPANY, INC., Plaintiff,**

v.

**MITSUBISHI CATERPILLAR FORKLIFT AMERICA INC., et al., Defendants,**

v.

**Richard T. TODD, Counterclaim Defendant.**

No. 95 C 836.

United States District Court, N.D. Illinois, Eastern Division.

March 8, 1996.

---

Gary W. Leydig, Robin Lynn Hoberman, Levin, McParland, Phillips, Leydig & Haberkorn, Chicago, IL, for To–Am Equipment Company, Inc., Richard T. Todd.

John Edward Burke, Burke, Weaver & Prell, Chicago, IL, Angela Marsh, Keck, Mahin & Cate, Chicago, IL, Jacqueline Williams Vlaming, Keck, Mahin & Cate, Oakbrook Terrace, IL, Thomas J. Collin, Thompson, Hine & Flory, P.L.L., Cleveland, OH, for Mitsubishi Caterpillar Forklift America, Inc.

John Edward Burke, Charles Daniel Knight, Burke, Weaver & Prell, Chicago, IL, for Mitsubishi Corporation, Mitsubishi International Corporation, Shimpei Hashimoto, Toshimitsu Ishikawa, S. Toishi, Haruo Matsumoto, Asao Hirayama.

Angela Marsh, Keck, Mahin & Cate, Chicago, IL, for Pat Reilly, Richard F. Wagner, Robert G. Gilbride, Tetsu Okuno, Lloyd Knapp, Shio Handa, R. Larry Weunch, Ryoji Odaka.

## *MEMORANDUM OPINION AND ORDER*

ASPEN, Chief Judge:

Plaintiff To–Am Equipment Company brings this diversity action against, among others, Mitsubishi Caterpillar Forklift America (MCFA), claiming that MCFA violated provisions of the Franchise Disclosure Act of 1974, Ill.Rev.Stat. ch. 121½ ¶¶ 701–40 (1985). The dispute arose after the termination of a distributorship agreement between To–Am and MCFA's predecessor corporation, Mitsubishi Distribution, Inc. (MDI). Under the agreement, To–Am distributed MDI-manufactured forklifts in areas of Illinois and Indiana. Previously, we granted MCFA's summary judgment motion on its counterclaim in the amount of $76,276.51, which alleged that To–Am had failed to pay for equipment delivered by MDI to To–Am. MCFA then successfully moved for entry of final judgment on the counterclaim under Federal Rule of Civil Procedure 54(b).

Presently before this court are three motions filed by To–Am: (1) under Rule 59(e), a motion to alter or amend the final judgment on the counterclaim; (2) under Rule 62(b), a motion to stay execution of the judgment while the motion to alter judgment is pending; and (3) under Rule 62(h), a motion to stay enforcement of the judgment if the Rule 59(e) motion is denied. For the reasons set forth below, we deny the motion to alter or amend judgment, deny the motion to stay under Rule 62(b) as moot, and grant the stay of enforcement of the judgment for sixty days.

■ We rely on our prior opinions for general background and proceed directly to discussing the three pending motions. First, we adhere to the Rule 54(b) entry of final judgment on the counterclaim. As we previously explained, the counterclaim was separate from To–Am's distributorship agreement claim, the decision granting summary judgment was final, and there existed "no just reason for delay," Fed.R.Civ.P. 54(b); accordingly, certification of the judgment as final was proper, *see Martin v. Consultants & Admins., Inc.,* 966 F.2d 1078, 1083 (7th Cir.1992).

To–Am now argues that its precarious financial situation constitutes a "just reason for delay." However, while To–Am's financial troubles are relevant to the propriety of a stay of enforcement of the judgment, the company's financial status does not directly implicate the propriety of certification under Rule 54(b). *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 13 n. 3, 100 S.Ct. 1460, 1467 n. 3, 64 L.Ed.2d 1 (1980); *Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F.2d 944, 950–51 n. 8 (7th Cir.1980). Indeed, to the extent that To–Am's financial difficulty bears on the Rule 54(b) decision, it weighs in favor of certification because delay in entering final judgment would impair MCFA's chances of collecting on the judgment. *See Curtiss–Wright Corp.,* 446 U.S. at 12, 100 S.Ct. at 1467. Accordingly we deny the motion to alter or amend the Rule 54(b) judgment. In addition, we deny as moot the motion under Rule 62(b) for a stay of execution of judgment pending decision on the motion to alter or amend.

■ In determining the propriety of a stay under Rule 62(h), however, we may consider To–Am's financial position. *See Curtiss–Wright Corp.,* 446 U.S. at 13 n. 3, 100 S.Ct. at

308

1460 n. 3; *Bank of Lincolnwood,* 622 F.2d at 950–51 n. 8. According to To–Am's president, Richard Todd, the company already owes at least $550,000 in outstanding debts, has borrowed to the maximum of its lines of credit, has pledged all of its assets as collateral for the outstanding debts, owns no cash outside of its daily operating accounts, will likely show an $80,000 loss for 1995, has a greater accounts payable than accounts receivable, and could not pay its eleven employees if forced to promptly satisfy the judgment. Todd Aff. ¶¶ 10–17. In addition, To–Am has resorted to a contingency fee arrangement with its attorneys after failing to timely pay the law firm's invoices. *Id.* ¶ 19. MCFA does not proffer specific evidence to refute these representations.

■ In light of To–Am's financial status, we are unwilling to force immediate satisfaction of the judgment. Thus, although MCFA is entitled to entry of final judgment under Rule 54(b), at this time we stay enforcement of the judgment pursuant to Rule 62(h). In order to protect MCFA's ability to collect the judgment, however, and because To–Am appears to have some potential avenues for raising funds, the stay shall expire sixty days from the entry of this order and will not be renewed. It is so ordered.